UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------X
MICHAEL STEVENS,

                                    Plaintiff,

              -against-

COUNTY OF SUFFOLK, POLICE OFFICER RAFIER
MALDONADO and UNIDENTIFIED SUFFOLK COUNTY
POLICE OFFICERS, EMPLOYEES AND AGENTS,

                                    Defendants.
-------------------------------------------X

**CV 03 4023**

**BOYLE, M.J.**

**PLATT, J.**

**COMPLAINT**

CIVIL ACTION NO.:

**JURY TRIAL DEMANDED**

        The plaintiff, complaining of the defendants, by his attorneys, THOMAS SHEEHAN, ESQ. of CHEDA & SHEEHAN respectfully shows to this Court and alleges:

### JURISDICTION

1.      Jurisdiction is founded upon the existence of a Federal Question.

2.      This is an action to redress the deprivation under color of statute, ordinance, regulation, custom, or usage of a right, privilege, and immunity secured to Plaintiff by the Fourth and Fourteenth Amendments to the Constitution of the United States (42 U.S.C. § 1983) and arising under the law and statutes of the State of New York.

3.      Jurisdiction is founded upon 28 U.S.C. Sections 1331, 1343(3) and 1343(4), this being an action authorized by law to redress the deprivation under color of law, statute, ordinance, regulation, custom and usage of a right, privilege, and immunity secured to Plaintiff by the Fourth and Fourteenth Amendments to the

Constitution of the United States.

4.    That venue is proper pursuant to 28 U.S.C. § 1391 (b) (1&2).

5.    The matter in controversy exceeds, exclusive of interest and costs, the sum or value of ONE HUNDRED FIFTY THOUSAND ($150,000.00) DOLLARS.

6.    That an award of attorney's fees is appropriate pursuant to 42 U.S.C. § 1988.

## PARTIES

7.    The plaintiff is a Black Male and is a resident of the United States and of the County of Suffolk, State of New York.

8.    Upon information and belief, that at all times hereinafter mentioned, the defendant, COUNTY OF SUFFOLK (SC), was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

9.    Upon information and belief, that at all times hereinafter mentioned, the defendant, SC, its agents, servants and employees operated, maintained and controlled the SUFFOLK COUNTY POLICE DEPARTMENT (SCPD), including all the police officers thereof and that SC is vicariously liable for the violations of New York State tort law by its servants, agents and employees via the principle of respondeat superior as at all times relevant all defendant officers were acting for, upon, and in furtherance of the business of their employer and within the scope of their employment.

10.    Upon information and belief, that at all times hereinafter

mentioned, defendants POLICE OFFICER RAFIER MALDONADO and UNIDENTIFIED SUFFOLK COUNTY POLICE OFFICERS, EMPLOYEES AND AGENTS were employed by the defendant, SC, as police officers in SUFFOLK COUNTY, New York.

11. The SUFFOLK COUNTY POLICE DEPARTMENT, is a local governmental agency, duly formed and operating under and by virtue of the Laws and Constitution of the State of New York and the defendant, SC, is responsible for the policies, practices and customs of the SUFFOLK COUNTY Police Department as well as the hiring, screening, training, supervising, controlling and disciplining of its police officers and civilian employees.

12. This action arises under the United States Constitution, particularly under provisions of the Fourth and Fourteenth Amendments of the Constitution of the United States, and under federal law, particularly the Civil Rights Act, Title 42 of the United States Code, Section 1983 and the rights under the Constitution and laws of the State of New York.

13. Each and all of the acts of the defendants, alleged herein were done by the defendants, their agents, servants and employees, and each of them not as individuals, but under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of New York, the COUNTY OF SUFFOLK, and under the authority of their office as police officers of said state and city.

3

**PENDENT STATE CLAIMS**

14.   That Notice of the Plaintiff's claims, the nature of the claims and the date of, the time when, the place where and the manner in which the claims arose were duly served upon the Comptroller of the defendant, SC, on June 11, 2002.

15.   No 50-H hearing was requested and conducted as to Plaintiff.

16.   That more than thirty days have elapsed since the Notices of Claim and Intention to Sue have been served upon the defendants and the said defendants have neglected or refused to make any adjustment or payment thereof.

17.   That this action is commenced within one year and ninety days after the causes of action arose.

18.   That New York CPLR § 1601 does not apply pursuant to the exception provided by CPLR § 1602(1)(b).

**STATEMENT OF FACTS**

19.   Starting on May 15, 2002 at about 1:40 PM, near the North Wing of Brentwood High School, 3rd Avenue, Brentwood, Suffolk County, New York.  At this time, the defendants unlawfully seized the plaintiff and detained him. The plaintiff was unlawfully searched without cause or justification. Defendants falsely arrested plaintiff and/or watched the plaintiff get falsely arrested and did not intervene.

**AS AND FOR A FIRST CAUSE OF ACTION
ON BEHALF OF PLAINTIFF**

20.   Plaintiff repeats, reiterates and realleges each and every

allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

21.   That the plaintiff's rights have been violated under the Fourth and Fourteenth amendments of the United States Constitution pursuant to 42 U.S.C. § 1983. Plaintiff was unlawfully seized, detained, arrested, imprisoned, searched as to both his person and his property and had his rights to privacy violated.

22.   As a direct result of defendants' actions, plaintiff was deprived of rights, privileges and immunities under the Fourth and Fourteenth Amendments of the United States Constitution being more particularly plaintiff's rights: to speech; to assemble; to petition the government for the redress of grievances; to be secure in his person, papers, and effects against unreasonable searches and seizures;; not to be deprived of life, liberty, and property without due process of law; to be informed of the nature and cause of the accusation against him/her as secured to him/her under the Fourteenth Amendment of the Constitution of the United States; and the right to the equal protection of the laws secured by the Fourteenth Amendment to the Constitution of the United States.

23.   That the said detention, arrest and imprisonment were caused by the defendants, their agents, servants and employees, without any warrant or other legal process and without authority of the law and without any reasonable cause or belief that the plaintiff was in fact guilty of crimes.

24. That the defendants, their agents, servants and employees acting within the scope of their authority and within the scope of their employment, detained and imprisoned the Plaintiff even though the defendants, their agents, servants and employees, had the opportunity to know or should have known, that the matters hereinbefore were alleged wrongfully, unlawfully and without sufficient charges having been made against the Plaintiff, directed that the Plaintiff be searched and detained at said location.

25. That the defendant individual police officers conspired together to violate plaintiff's rights in that the individual officers acted in concert to unlawfully violate plaintiff's rights. Said conspiracy included the overt acts of falsely detaining, arresting, imprisoning and searching.

26. That the plaintiff was wholly innocent of said criminal charges and other charges and did not contribute in any way to the conduct of the defendants, their agents, servants and employees and was forced by the defendants to submit to the aforesaid seizure thereto entirely against his will.

27. That the defendants, their agents, servants and employees, as set forth aforesaid on the aforementioned date, time and place, intended to confine the Plaintiff; in that the plaintiff was conscious of the confinement; Plaintiff did not consent to the confinement; and, that the confinement was not otherwise privileged.

28. That by reason of the unlawful conspiracy, false arrest, imprisonment and detention of the plaintiff and other violations of plaintiff's rights, plaintiff was prevented and hindered from performing and transacting his necessary affairs and business, and he was caused damages.

29. That by reason of the aforesaid, the plaintiff has been damaged in the sum of TWO HUNDRED THOUSAND ($200,000.00) DOLLARS and is entitled to an award of punitive damages.

### AS AND FOR A SECOND CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF

30. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully set forth herein.

31. That on or about the above dates and times, the defendants falsely arrested, imprisoned, detained Plaintiff; libeled and slandered Plaintiff; intentionally inflicted emotional distress upon the Plaintiff; invaded plaintiff's privacy; conspired against the Plaintiff; denied plaintiff his liberty under the laws and Constitution of the State of New York; trespassed against Plaintiff; and otherwise violated plaintiff's rights under the law.

32. That by reason of the aforesaid committed by the defendants, their agents, servants and employees, acting within the scope of their employment and authority, and without probable or reasonable cause, the plaintiff's rights were violated under New York State common, statutory and constitutional law and Plaintiff suffered

emotional injury and that he was otherwise damaged.  The defendant

SC is vicariously liable for the conduct of its employees.

33.  That by reason of the aforesaid, plaintiff has been damaged in

the sum of TWO HUNDRED THOUSAND ($200,000.00) DOLLARS and is

entitled to an award of punitive damages.

**AS AND FOR A THIRD CAUSE OF ACTION
ON BEHALF OF PLAINTIFF**

34.  Plaintiff repeats, reiterates and realleges each and every

allegation contained in the prior paragraphs with the same force

and effect as is more fully set forth herein.

35.  That the defendant, SC was negligent, careless and reckless in

hiring and retaining, properly training and supervising, as and for

its  employees,  the  above  named  individual  defendants  and

unidentified police officers, in that the said defendants lacked

the  experience,  deportment  and  ability  to  be  employed  by  the

defendants, in that the defendants failed to exercise due care and

caution in their hiring practices, and in particular, in hiring the

defendant employees who lacked the mental capacity and the ability

to function as employees of the aforementioned defendants; failing

to investigate the above named defendants' background and in that

they hired and retained as employees of the department individuals

who were unqualified in that the defendants lacked the maturity,

sensibility  and  intelligence  to  be  employed  when  hired  to  be

employees; also in that the defendant, SC, failed to train their

employees in the justifications for stops; in the proper method of

restraining  a  suspect;  in  the  proper  circumstances  to  search;  to

control their tempers and exercise the proper deportment and temperament; and to otherwise act as reasonably prudent police officers; failed to give them proper instruction as to their deportment, behavior and conduct as representatives of their employers.

36.   That the aforesaid occurrences and resulting injuries were caused wholly and solely by reason of the negligence of the defendants, their agents, servants and employees without any negligence on the part of the Plaintiff.

37.   That by reason of the aforesaid, plaintiff has been damaged in the sum of TWO HUNDRED THOUSAND ($200,000.00) DOLLARS.

### AS AND FOR A FOURTH CAUSE OF ACTION ON
### BEHALF OF PLAINTIFF

38.   Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully set forth herein.

39.   That the defendants, their agents, servants and employees negligently, carelessly and recklessly performed their duties in that they failed to use such care in the performance of their duties as a reasonably prudent and careful police officer would have used under similar circumstances in that they carelessly, recklessly and negligently seized the Plaintiff and seized the Plaintiff without making a proper investigation, in that they were negligent, careless and reckless in the manner in which they operated, controlled and maintained the arrest of the Plaintiff,

that the defendants their agents, servants and employees negligently, carelessly and recklessly without provocation and with force against the plaintiff interfered with plaintiff's rights of free movement; negligently, carelessly and recklessly used the threat of physical force; and in that the defendants, their agents, servants and employees were otherwise careless, reckless and negligent.

40. That the aforesaid occurrences and the resulting injuries were caused wholly and solely by reason of the negligence of the defendants, its agents, servants and employees without any negligence on the part of the Plaintiff.

41. That by reason of the aforesaid, plaintiff has been damaged in the sum of TWO HUNDRED THOUSAND ($200,000.00) DOLLARS.

**AS AND FOR A FIFTH CAUSE OF ACTION
ON BEHALF OF PLAINTIFF**

42. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully set forth herein.

43. That the individual defendants failed in their affirmative duty to intervene to protect the constitutional rights of Plaintiff from infringement by other law enforcement officers in their presence. That by way of the defendant officers' failure to intercede to prevent the harms caused by the actions of the other defendants that they observed depriving the plaintiff of his constitutional rights and because there were realistic

10

opportunities to intervene to prevent the above harms from occurring, all the above defendant officers are liable to the Plaintiff for the resulting constitutional deprivations and the resulting harms Plaintiff suffered and still suffers from due to defendants failure to exercise their affirmative duty to act.

44. That by reason of the aforesaid, plaintiff has been damaged in the sum of TWO HUNDRED THOUSAND ($200,000.00) DOLLARS and is entitled to an award of punitive damages

## AS AND FOR A SIXTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF

45. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully set forth herein.

46. Defendants SC and UNIDENTIFIED POLICE OFFICERS, who were supervisors as a matter of policy and practice, have acted with a callous, reckless and deliberate indifference to plaintiff's constitutional rights under 42 U.S.C. § 1983, failed to adequately discipline, train or otherwise direct police officers concerning the rights of citizens, thereby causing the defendant officers in this case to engage in the above mentioned conduct and allowing for the continuation of the case in criminal court.

47. Defendants, SC and UNIDENTIFIED POLICE OFFICERS, who were supervisors, as a matter of policy and practice, have with deliberate indifference failed to properly sanction or discipline police officers, including the defendants in this case, for

11

violations of the constitutional rights of citizens, thereby causing defendants in this case, to engage in unlawful conduct.

48.  Defendants as a matter of policy and practice, have with deliberate indifference failed to sanction or discipline police officers, including the defendants in this case, who are aware of and subsequently conceal violations of the constitutional rights of citizens by other police officers, thereby causing and encouraging police, including defendants in this case, to engage in unlawful conduct.

49.  That the defendants have also with deliberate indifference failed to intercede to stop the violation of plaintiff's rights.

50.  That the defendant police officers, each of them, separately and in concert, acted under color and pretense of law, to wit: under color of the statutes, ordinances, regulations, customs and usages of the COUNTY OF SUFFOLK and the defendants here, separately and in concert, engaged in the illegal conduct above mentioned to the injury of the Plaintiff and deprived plaintiff of his rights under the Constitution of the United States and the laws of the United States.

51.  The Police Officers of the defendant SC and its individual members who are agents, servants and employees of defendants, together with persons unknown to Plaintiff, acting under color of law, have subjected Plaintiff and other persons to a pattern of conduct consisting of illegal harassments, assaults and batteries,

false imprisonments and arrests, racial and ethnic discrimination, and malicious prosecutions at the time said persons were lawfully and properly partaking in lawful activities in exercising their rights to assemble, travel, demonstrate and petition the government in Suffolk County and State of New York, in denial of rights, privileges and immunities guaranteed Plaintiff and other citizens by the Constitution of the United States.

52.   This systematic pattern of conduct consists of a large number of individual acts of violence, intimidation, false arrest and false imprisonment and malicious prosecution visited on Plaintiff, and other citizens by members of defendant SC's police department and, acting in concert with persons unknown to Plaintiff and under color of law and said acts, while carried out under color of law, have no justification or excuse in law and are instead illegal, improper and unrelated to any activity in which police officers may appropriately and legally engage in the course of protecting persons or property or ensuring civil order.

53.   Although defendants knew or should have known of the fact that this pattern of conduct was carried out by their agents, servants and employees, the defendants SC and UNIDENTIFIED POLICE OFFICERS, have not taken any steps nor made any efforts to halt this course of conduct, to make redress to the Plaintiff or other citizens injured thereby, or to take any disciplinary action whatever against any of their employees or agents.

54.   Police officers cover up their wrongdoing and help perpetuate the "blue wall of silence".  SC has allowed this code of silence to exist so as to constitute an actual policy of SC.  SC has been deliberately indifferent to the needs of police officers who witness or have information regarding police misconduct.  SC has failed to properly sanction police officers who withhold information, conceal information and/or aid misconduct by other officers, thereby encouraging police officers to violate the rights of individuals.  Further, SC fails to take any action against police officers who threaten, intimidate and actually harm other police officers to enforce the code of silence.

55. That defendant SC has failed to criminally investigate and prosecute police officers.

56.   That by reason of the aforesaid violations of the constitution and law by the defendants, their agents, servants and employees, who conspired together to wrongfully deprive the plaintiff and compel him to abandon his rights and privileges as provided in the Constitution of the United States of America, and provided in the Constitution of the State of New York, and laws thereto, the defendants, their agents, servants and employees violated 42 U.S.C. § 1983 in that the defendants, their agents, servants and employees acted as persons who under color of any statute, ordinance, regulation, custom or usage of the COUNTY OF SUFFOLK and UNIDENTIFIED POLICE OFFICERS subjected or caused to be subjected,

citizens of the United States or other persons within the jurisdiction, particularly the Plaintiff, thereof to be deprived of their rights, privileges or immunities received by the Constitution and laws of the United States of America and of the State of New York; injured in his character and reputation, prevented from attending his usual businesses and vocations and was injured in his reputation in the community and the acts aforementioned were committed with the aim of injuring and damaging the Plaintiff.

57.   That by reason of the aforesaid, the Plaintiff suffered injuries and that he was otherwise damaged.

58.   That by reason of the aforesaid, plaintiff has been damaged in the sum of TWO HUNDRED THOUSAND ($200,000.00) DOLLARS.

WHEREFORE, plaintiff demands judgment against the defendants in the sum of TWO HUNDRED THOUSAND ($200,000.00) DOLLARS and punitive damages on the First Cause Of Action; TWO HUNDRED THOUSAND ($200,000.00) DOLLARS and punitive damages on the Second Cause of Action; TWO HUNDRED THOUSAND ($200,000.00) DOLLARS on the Third Cause of Action; TWO HUNDRED THOUSAND ($200,000.00) DOLLARS on the Fourth Cause of Action; TWO HUNDRED THOUSAND ($200,000.00) DOLLARS and punitive damages on the Fifth Cause of Action; TWO HUNDRED THOUSAND ($200,000.00) DOLLARS on the Sixth Cause of Action; and reasonable attorneys' fees; together with costs and disbursements of this action; a trial by jury of all issues involved in this complaint; and such other and further relief as this Court may deem

just and proper under the circumstances.

Dated:    August 13, 2003
              Queens, New York

THOMAS SHEEHAN, ESQ., TS-1345
CHEDA & SHEEHAN
76-03 Roosevelt Avenue
Jackson Heights, NY 11372
(718) 478-4868